KARL OLSON (CABN 104760)
AARON R. FIELD (CABN 310648)
CANNATA, O'TOOLE, FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com

KARLENE GOLLER (CABN 147065)
THE LAW OFFICE OF KARLENE GOLLER PC
507 Bellefontaine Street
Pasadena, California 91105
Telephone: (213) 910-9112
Email: karlene@karlenegoller.com

Attorneys for Plaintiff,
SOUTHERN CALIFORNIA PUBLIC RADIO d/b/a KPCC/LAist

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN CALIFORNIA PUBLIC RADIO d/b/a KPCC/LAist, a non-profit organization,

Plaintiff,

vs.

UNITED STATES SMALL BUSINESS ADMINISTRATION,

Defendant.

Case No.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT (5 U.S.C. § 552(a)(3)(A)**



CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

## INTRODUCTION

1. This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Plaintiff Southern California Public Radio, d/b/a KPCC/LAist, seeks disclosure, under FOIA, of records that would reveal basic information about the Paycheck Protection Program ("PPP"), including the names of all PPP loan recipients and the amount of each borrower's PPP loan. In light of the taxpayers' huge investment in the PPP, revelations that large corporations have applied for, received, and in some cases returned under public pressure funds received under this program, and representations by the government that the PPP is intended to help small businesses, it is of paramount importance that the requested information be disclosed. Plaintiff's listeners and readers and the public have the right to know how the hundreds of billions of taxpayer dollars invested in the PPP have been spent.

## JURISDICTION AND VENUE

2. This Court has subject matter and personal jurisdiction over this action pursuant to 5 U.S.C. section 552(a)(4)(B) and 28 U.S.C. section 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. section 552(a)(4)(B) because plaintiff has its principal place of business in Pasadena, California, located in the Central District of California.

## PARTIES

4. Plaintiff Southern California Public Radio d/b/a KPCC/LAist is a non-profit organization that has its principal place of business in Pasadena, California. Plaintiff produces, acquires, and broadcasts public radio programs, podcasts, and online content.

5. Defendant United States Small Business Administration ("SBA") is an "agency" within the meaning of 5 U.S.C. § 552(f).

/ /

**FACTUAL BACKGROUND**

6. In early 2020, the World Health Organization ("WHO") declared a pandemic based on the novel coronavirus ("SARS-CoV-2") and the disease it caused ("COVID-19"). *See* World Health Organization, *WHO Timeline – COVID-19*, https://www.who.int/news-room/detail/27-04-2020-who-timeline---covid-19 (last updated Apr. 27, 2020).

7. COVID-19 arrived in the United States a few months later, and the federal government declared the outbreak a national emergency, issued travel restrictions, and discouraged large gatherings. Grace Hauck, et al., *Five months in: A timeline of how COVID-19 has unfolded in the US*, USA Today (Jun. 23, 2020, 3:21 AM), https://www.usatoday.com/in-depth/news/nation/2020/04/21/coronavirus-updates-how-covid-19-unfolded-u-s-timeline/2990956001/. State and local governments also issued orders requiring residents to avoid large gatherings and strictly limit their activities outside of the home. *See* Sarah Mervosh, et al., *See Which States and Cities Have Told Residents to Stay at Home*, N.Y. Times, https://www.nytimes.com/interactive/2020/us/coronavirus-stay-at-home-order.html (last updated Apr. 20, 2020). COVID-19, the federal government's declaration and guidance, and these state and local orders caused a decline in economic activity that severely harmed, and in some instances existentially threatened, many small businesses.

8. The decline in economic activity led to a national unemployment rate of 13.3 percent as of May 2020. U.S. Department of Labor, Bureau of Labor Statistics, *The Employment Situation*, BLS.gov, 1 (2020), https://www.bls.gov/news.release/pdf/empsit.pdf. In response to the looming economic crisis, Congress passed and the President signed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. *See* Pub. L. 116-136. Under the CARES Act, the SBA was tasked with administering a new loan program, the PPP,

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

which offers often forgivable loans to qualifying small businesses to help them weather the COVID-19 storm and cover their operating expenses, including payroll. U.S. Department of the Treasury, *The CARES Act Provides Assistance to Small Businesses*, https://home.treasury.gov/policy-issues/cares/assistance-for-small-businesses (last visited Jun. 28, 2020). According to the SBA, the PPP is "a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll." U.S. Small Business Administration, *Paycheck Protection Program*, https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program (last visited July 9, 2020). While the PPP was intended to benefit small businesses, even businesses with more than 500 employees can also receive PPP loans if they meet certain criteria. *Id.* Many loans in excess of $5 million have been made under the PPP.

9. The SBA began accepting PPP loan applications on April 3, 2020. Robin Saks Frankel, *The Paycheck Protection Program Ran Out of Funding. What's Next for Small Business Owners?*, Forbes (Apr. 16, 2020, 5:44 PM), https://www.forbes.com/sites/advisor/2020/04/16/the-paycheck-protection-program-ran-out-of-funding-whats-next-for-small-business-owners/#3e3a17274405. Within two weeks, the SBA and the Treasury Department reported that "The SBA has processed more than 14 years' worth of loans in less than 14 days," with a combined value of more than $300 billion. *Id.* To date, the SBA reports that it had approved more than 4.8 million loan applications, and has approved loans that are collectively worth a total of more than $521 billion. *See Paycheck Protection Program*, *supra*, https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program (last visited July 9, 2020).

10. The SBA's PPP borrower application form explicitly states to prospective borrowers that several categories of submitted information "will be automatically released" under FOIA, including "the names of the borrowers (and

their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity":

> **Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

A copy of the SBA's PPP borrower application form is attached hereto as **Exhibit A**. This language appears on page 4.

11. The categories of information that the SBA states "will be automatically released" in its borrower application form are consistent with the information that it has released annually on loans that it has approved under two other small business loan programs it administers: 7(a) loans and 504 loans. With respect to both of these categories of loans, the SBA has disclosed, and on information and belief regularly discloses and has a practice of regularly disclosing, the name and address of each recipient and the amount of each loan, among other information, at least through the end of 2019. The SBA made this information publicly available in Excel spreadsheets – and is continuing to make this information publicly available as of July 8, 2020 – on its website, https://www.sba.gov/about-sba/open-government/foia, at the following hyperlinks: http://imedia.sba.gov/vd/general/foia/7a_504_FOIA%20Data%20Dictionary.xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY1991-FY1999).xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2000-FY2009).xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2010-Present).xlsx; and http://imedia.sba.gov/vd/general/foia/FOIA%20-%20504%20(FY1991-Present).xlsx.

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

12. On or about April 16, 2020, the SBA stopped accepting applications for PPP loans due to what the SBA described as a lack of funding. However, on or about April 27, 2020, the SBA resumed accepting applications after receiving more funding. Also, on June 27, 2020, the President signed into law an extension of the PPP loan program authorizing PPP loan applications until August 8, 2020. Robin Saks Frankel, *Congress Extends PPP Five More Weeks. Here's How To Apply, Forbes* (July 2, 2020), https://www.forbes.com/sites/advisor/2020/07/02/congress-extends-ppp-five-more-weeks-heres-how-to-apply/#6587c1833b20.

13. News organizations reported on issues with the administration of the PPP, including inconsistent treatment of loan applicants and challenges and confusion among borrowers and lenders regarding the application process. Danielle Kurtzleben, et al., *Here's How the Small Business Loan Program Went Wrong in Just 4 Weeks*, NPR (May 4, 2020, 11:14 AM), https://www.npr.org/2020/05/04/848389343/how-did-the-small-business-loan-program-have-so-many-problems-in-just-4-weeks.

14. In California, most applicants were out of luck, as only 3 percent of the state's small businesses received PPP loans before the SBA temporarily stopped accepting applications. Emily Guerin, *Just 3% of California's Small Businesses Got Federal Coronavirus Stimulus Loans*, LAist (Apr. 20, 2020, 12:44 PM), https://laist.com/2020/04/20/coronavirus_california_small_bank_small_business_paycheck_protection_program_exhausted.php. Because these loans were only offered to U.S. citizens or permanent residents and could only be obtained through an eligible PPP lender (such as a bank), many small businesses operated by undocumented immigrants (such as street vendors) and small businesses without pre-existing banking relationships were at a disadvantage, forcing California's state and local governments to create their own loan programs. Emily Guerin, *Massive Federal Loan Program for Small Businesses Off to Rocky Start*, LAist (Apr. 3,

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

2020, 11:10 AM), https://laist.com/2020/04/03/small_business_ppp_paycheck_protection_program_loans_stimulus_coronavirus.php; Emily Guerin, *LA Street Vendors Left Out of Federal Aid*, LAist (Apr. 15, 2020, 6:00 AM), https://laist.com/2020/04/15/coronavirus_small_business_street_vendors_undocumented_loans_la.php.

15. Problems surrounding the PPP worsened as reports surfaced of large businesses receiving PPP loans, from nationwide restaurant chains Shake Shack, Ruth's Chris Steak House, and Kura Sushi USA to the Los Angeles Lakers. Kurtzleben, *supra*; Emily Guerin, *Kura Sushi Will Return Its $6 Million Federal Loan After Outrage*, LAist (Apr. 21, 2020, 5:47 PM), https://laist.com/2020/04/21/irvine_sushi_restaurant_chain_kura_federal_paycheck_protection_program.php. Some of these large businesses and other institutions have since returned the loans they received under the program. Kurtzleben, *supra*; Colin Dwyer, *Harvard and Other Universities Turn Down Relief Funds Amid Swell of Criticism*, NPR (Apr. 23, 2020, 1:38 PM), https://www.npr.org/sections/coronavirus-live-updates/2020/04/23/842454705/harvard-and-other-universities-turn-down-relief-funds-amid-swell-of-criticism. Many congressional leaders called for the disclosure of PPP recipients, despite objections from both the SBA and the Treasury Department, in an effort to provide more oversight over the PPP. Aaron Gregg and Jeff Stein, *In big reversal, Treasury and SBA agree to disclose details about many small business loan recipients,* Washington Post, Jun. 19, 2020, https://www.washingtonpost.com/business/2020/06/19/treasury-sba-ppp-disclosure/.

16. On July 6, 2020, the SBA reversed course and disclosed some limited information about PPP loan recipients. U.S. Department of the Treasury, *SBA and Treasury Announce Release of Paycheck Protection Program Loan Data* (July 6,

2020), https://home.treasury.gov/news/press-releases/sm1052. However, it did not release the actual amounts that borrowers had been loaned or the identities of borrowers who had received less than $150,000. *Id.* For all PPP loans of $150,000 or more, the SBA released "business names, addresses, NAICS codes, zip codes, business type, demographic data, non-profit information, name of lender, jobs supported, and loan amount ranges," stating whether each loan was for "$150,000-$350,000," "$350,000-$1 million," "$1-2 million," "$2-5 million," or "$5-10 million." *Id.* For all PPP loans of less than $150,000, the SBA released this same limited information "except" – critically – borrower names and addresses. *Id.*

17. The SBA's limited public disclosure of information about PPP loan recipients does not fully answer any of plaintiff's FOIA requests, and is not sufficient to comply with FOIA or allow plaintiff and the public to fully understand and evaluate how the PPP, one of the largest expenditures of United States taxpayer funds ever, was crafted and administered. For example, the identities of *all* PPP loan recipients should be disclosed. As the SBA itself has stated, "The average loan size is approximately $100,000," *id.*, which means that a large majority of loan recipients have not yet been identified. Also, the amount of each PPP loan should be stated with precision, as the SBA's PPP loan application form said it would be, and as the SBA has done with respect to loans under its 7(a) and 504 loan programs. There is a huge difference between a $5 million loan and a $10 million loan, and the public is entitled to know how much each business sought and obtained, especially since the government has assured the public that the PPP is supposed to be helping **small** businesses. A business getting a loan of over $5 million, or up to $10 million, is not a small business under any normal definition of that term. The public has a right to know how much businesses like the large Kasowitz law firm, which grossed more than $215 million last year and which has represented President Trump in high-profile litigation, received from this expensive government program, not just that the firm got a loan in the $5 million-$10 million

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

range.

**FOIA Request Number SBA-2020-000776**

18. On April 20, 2020, KPCC/LAist reporter Emily Guerin submitted a FOIA request to the SBA requesting "a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient." A copy of Plaintiff's FOIA request is attached hereto as **Exhibit B**.

19. On May 12, 2020, William Briggs, Deputy Associate Administrator of the Office of Capital Access in the Small Business Administration, responded to Plaintiff's FOIA request, stating in his email that "SBA-2020-000776 has been processed with the following disposition: Full Grant." Mr. Briggs' letter was labeled as a final disposition for Plaintiff's FOIA request and states instructions on how to appeal the SBA's decision. A copy of Mr. Briggs' letter of May 12, 2020 is attached hereto as **Exhibit C**.

20. The May 12, 2020 letter provided a URL (https://www.sba.gov/about-sba/open-govemment/foia#section-header-32) for plaintiff to find the statistical information on the SBA website. The letter also advised: "Please select 'COVID-19 Information' located under Frequently requested records to obtain the data that is currently available."

21. Plaintiff attempted to use the URL provided, but could not access the website because the URL was broken. Plaintiff then tried to access the requested information through the "Frequently Requested Records" section of the SBA's website. Plaintiff followed Mr. Briggs' advice and employed the search function to locate COVID-19 information. Plaintiff was able to locate the "Frequently Requested Records" section as it relates to COVID-19, but found that the section only provided summary information of loan amounts made for each state and a summary breakdown of loan amounts made nationally by industries or subsectors. Despite the SBA's statement that it had "granted" the FOIA request, the agency in

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

fact did not disclose either the names or the loan amounts of PPP loan recipients, and therefore **denied** the request.

22. On May 27, 2020, plaintiff filed an administrative appeal of the SBA's decision, detailing the problems described above and why the SBA had not complied with FOIA. Plaintiff's administrative appeal is attached hereto as **Exhibit D**.

23. To date, plaintiff has not received a response regarding its administrative appeal, which exceeds the 20-working-day time in which FOIA administrative appeals must be decided, and which constitutes a constructive denial of plaintiff's appeal.

24. To date, the SBA has not produced any records to plaintiff in response to plaintiff's FOIA request, aside from the summary document it led plaintiff to on its website, and public release of information on July 6, 2020 which omitted names of borrowers who received loans under $150,000 and specific loan amounts of all borrowers.

25. To date, the SBA has not informed plaintiff of the extent to which it has records that are responsive to plaintiff's FOIA request.

26. To date, the SBA has not informed plaintiff of whether and the extent to which it intends to disclose records and information in response to plaintiff's FOIA request.

27. To date, the SBA has not stated to plaintiff whether or the extent to which it intends to withhold records or information based on FOIA exemptions, or, if so, what exemptions it believes might apply.

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief: Violation of the Freedom of Information Act

28. Plaintiff incorporates by reference paragraphs 1-27.

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

29. FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

30. The time limit for the SBA to provide a requester with a response to an administrative appeal is 20 working days. 13 C.F.R. § 102.9(d); 5 U.S.C. § 552(a)(6)(A)(ii). The appeals officer may only extend the time to respond by providing a written notification to the requester of unusual circumstances set forth in the statute. 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

31. The SBA has failed to comply with statutory deadlines imposed by FOIA, and by its own regulations. The SBA was obligated to provide plaintiff with a response to its administrative appeal within 20 working days of the appeal. That time period has elapsed and plaintiff has yet to receive a response from the SBA or the records plaintiff has requested. Furthermore, the SBA has not provided written notice of the enumerated unusual circumstances, and none of the enumerated unusual circumstances apply. As a result, by failing to respond to plaintiff, the SBA has constructively denied plaintiff's administrative appeal in violation of the FOIA.

32. The SBA has wrongfully withheld the records sought by plaintiff in violation of FOIA.

33. Plaintiff has exhausted its administrative remedies with respect to its FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

34. Plaintiff is entitled to a declaration that the SBA has violated FOIA by denying its FOIA request, and an order compelling the SBA to disclose all responsive records, including the names of all PPP loan recipients and the amounts of all PPP loans.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

A. Declare that the SBA's failure to process plaintiff's administrative

CANNATA, O'TOOLE, FICKES & OLSON
100 Pine Street, Suite 350
San Francisco, CA 94111

appeal within twenty working days is unlawful;

B. Declare that the records sought must be released pursuant to the Freedom of Information Act, 5 U.S.C. § 552;

C. Enter an injunction ordering the SBA to disclose all records responsive to plaintiff's FOIA request within 15 days, and to disclose within 15 days all responsive records, including the names of all PPP loan recipients and the amounts of all PPP loans;

D. Provide for expeditious proceedings in this action pursuant to 28 U.S.C § 1657;

E. Award Plaintiff its costs and attorney's fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other and further relief as the Court may deem just and proper.

DATED: July 21, 2020 CANNATA, O'TOOLE, FICKES & OLSON LLP

/s/ Karl Olson
KARL OLSON
Attorneys for Plaintiff
SOUTHERN CALIFORNIA PUBLIC RADIO
d/b/a KPCC/LAist

# EXHIBIT A



# Paycheck Protection Program
## Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: ❑ Sole proprietor ❑ Partnership ❑ C-Corp ❑ S-Corp ❑ LLC ❑ Independent contractor ❑ Eligible self-employed individual ❑ 501(c)(3) nonprofit ❑ 501(c)(19) veterans organization ❑ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ❑ Other | DBA or Tradename if Applicable | |
|---|---|---|
| Business Legal Name | | |
| | | |
| Business Address | Business TIN (EIN, SSN) | Business Phone |
| | | ( ) - |
| | Primary Contact | Email Address |
| | | |

| Average Monthly Payroll: | $ | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ | Number of Employees: | |
|---|---|---|---|---|---|
| Purpose of the loan (select more than one): | ☐Payroll ☐Lease / Mortgage Interest ☐Utilities ☐Other (explain):_________________ | | | | |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole? Initial here to confirm your response to question 5 → _______________ | ☐ | ☐ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)? Initial here to confirm your response to question 6 → _______________ | ☐ | ☐ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☐ |



**Paycheck Protection Program**
**Borrower Application Form**

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

CERTIFICATIONS AND AUTHORIZATIONS

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____ The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____ Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____ The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____ The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

_____ I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

_____ During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

_____ I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

_____ I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

| ______________________________ | ______________ |
|---|---|
| Signature of Authorized Representative of Applicant | Date |
| ______________________________ | ______________ |
| Print Name | Title |



**Paycheck Protection Program**
**Borrower Application Form**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and ***submitted to your SBA Participating Lender***. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect thatdetermination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;
- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;
- For a corporation, all owners of 20% or more of the corporation;
- For limited liability companies, all members owning 20% or more of the company; and
- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial





institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

# EXHIBIT B

Chief, Freedom of Information/Privacy Acts Office
U.S. Small Business Administration
409 Third St. SW, 8th floor
Washington, DC 20416

April 20, 2020

Dear Sir or Madam,

Thank you for your hard work during the coronavirus emergency. I am writing to make a request under the Freedom of Information Act.

I request a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient. Please deliver this information in an Excel spreadsheet or CSV file.

I am a reporter with KPCC, the NPR-station in Los Angeles. This request is part of newsgathering and not for a commercial use.

I request a waiver of all fees for this request, because the information it is likely to contribute significantly to public understanding of how taxpayer money is being spent to assist America's small businesses.

Given that, as a news reporter, I am primarily engaged in disseminating information and have an urgency to inform the public about SBA's lending activity, I am asking for this request to be expedited.

Thank you for your consideration of this request. Be safe and healthy.

Sincerely,

Emily Guerin
Reporter, KPCC/LAist
1040 Grant St
Santa Monica, CA
90405

207-798-9505
eguerin@scpr.org

# EXHIBIT C




U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

OFFICE OF CAPITAL ACCESS

May 12, 2020

Emily Guerin
1040 Grant St.
Santa Monica, CA 90405
eguerin@scpr.org

Re: SBA-2020-000776 Request Response

Dear Ms. Guerin,

This letter is in response to your Freedom of Information Act ("FOIA") request No. SBA-2020-000776 in which you have requested the following:

> "I request a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient. Please deliver this information in an Excel spreadsheet or CSV file."

The Small Business Administration ("Agency") is providing statistical information on the Paycheck Protection Program ("PPP") loans and Economic Injury Disaster Loans ("EIDL") in an effort to keep the public informed of the assistance and actions both it and the thousands of lenders across the country are taking at this difficult time.

The statistical information can be found at: https://www.sba.gov/about-sba/open-government/foia#section-header-32. Please select "COVID-19 Information" located under Frequently requested records to obtain the data that is currently available.

If you are dissatisfied with the Agency's decision, you may file an administrative appeal within 90 days of the date of this letter to:

Office of Hearings and Appeals
Attention: Delorice Ford, FOIA Officer
409 3rd Avenue, SW – 8th Floor
Washington, DC 20416

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison in the Office of Hearings and Appeals, the Office of Government Information Services ("OGIS"), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.

The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
ogis@nara.gov
ogis.archives.gov
202-741-5770
877-684-6448

Sincerely,

William Briggs
Deputy Associate Administrator
Office of Capital Access
Small Business Administration

# EXHIBIT D

**THE LAW OFFICE OF KARLENE GOLLER PC**

507 Bellefontaine Street
Pasadena, CA 91105
213-910-9112
karlene@karlenegoller.com

May 27, 2020

**By EMAIL (Only): delorice.ford@sba.gov**

Delorice Price Ford
FOIA Officer
Office of Hearings and Appeals
409 3rd Avenue, SW – 8th Floor
Washington, D.C. 20416

Re*:* **FOIA APPEAL** *SBA-2020-000776 Request Responses*

Dear Ms. Price Ford:

This is an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.

On April 20, 2020, my client, KPCC/LAist reporter Emily Guerin made a FOIA request to the Small Business Administration ("Agency") for a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient.

By letter dated May 12, 2020, William Briggs, Deputy Associate Administrator, Office of Capital Access, Small Business Administration responded to KPCC/LAist's April 20, 2020 FOIA request. Mr. Brigg's transmittal email to KPCC/LAist describes his May 12, 2020 letter: **SBA-2020-000776 has been processed with the following final disposition: Full Grant**. His May 12, 2020 letter is titled FINAL SBA 2020 000776 (1).pdf. In his letter, he sets forth instructions on how to appeal the Agency's decision.

Attached as Exhibit 1, please find a copy of reporter Guerin's original April 20, 2020 KPCC/LAist FOIA request. Attached as Exhibit 2, please find a copy of Mr. Briggs' May 12, 2020 final disposition/decision letter and transmittal email in response to my client's FOIA request.

In the May 12 letter, Mr. Briggs writes that the "Small Business Administration ("Agency") is providing statistical information to the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loans ("EIDL") in an effort to keep the public informed of the assistance and actions both it and thousands of lenders across the country are taking at this difficult time." He provides a URL, https://www.sba.gov/about-sba/open-govemment/foia#section-header-32, for KPCC/LAist to find the statistical information on the SBA website. Mr. Briggs advises: "Please select 'COVID-19 Information' located under Frequently requested records to obtain the data that is currently available."

First, the URL address, or link, provided by the Agency is broken:




Second, employing the search function of the site in order to locate COVID-19 Information, as advised by Mr. Briggs, under Frequently Requested Records, provides only summary information of loan amounts made for each state and a summary break down of loan amounts made nationally by industries or subsectors:





## States and Territories

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| AK | 4,842 | $921,927,504 |
| AL | 27,922 | $4,862,690,120 |
| AR | 21,754 | $2,722,726,557 |
| AS | 2 | $419,583 |
| AZ | 19,280 | $4,846,959,062 |
| CA | 112,967 | $33,413,693,192 |
| CO | 41,635 | $7,392,960,359 |
| CT | 18,435 | $4,151,934,451 |
| DC | 3,253 | $1,247,218,727 |
| DE | 5,171 | $1,090,415,848 |
| FL | 88,997 | $17,863,199,837 |
| GA | 48,332 | $9,464,475,442 |
| GU | 508 | $102,418,346 |
| HI | 11,553 | $2,046,450,982 |
| IA | 29,424 | $4,315,688,444 |
| ID | 13,627 | $1,850,034,026 |
| IL | 69,893 | $15,972,578,071 |

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| LA | 26,635 | $5,100,534,501 |
| MA | 46,937 | $10,360,907,178 |
| MD | 26,068 | $6,537,733,687 |
| ME | 14,993 | $1,944,425,549 |
| MI | 43,438 | $10,381,310,070 |
| MN | 46,383 | $9,014,060,040 |
| MO | 46,481 | $7,547,822,023 |
| MP | 56 | $12,619,835 |
| MS | 20,748 | $2,481,000,606 |
| MT | 13,456 | $1,470,300,136 |
| NC | 39,520 | $8,005,752,270 |
| ND | 11,002 | $1,548,384,035 |
| NE | 23,477 | $2,988,890,489 |
| NH | 11,582 | $2,006,858,477 |
| NJ | 33,519 | $9,527,794,260 |
| NM | 8,277 | $1,424,408,711 |
| NV | 8,674 | $2,013,939,889 |

| State | Approved PPP Loans | Approved PPP Amount |
|---|---|---|
| OR | 18,732 | $3,806,104,476 |
| PA | 69,567 | $15,697,648,689 |
| PR | 2,856 | $658,573,638 |
| RI | 7,732 | $1,335,777,801 |
| SC | 22,933 | $3,807,578,397 |
| SD | 11,324 | $1,369,616,339 |
| TN | 34,035 | $6,542,045,089 |
| TX | 134,737 | $28,483,710,273 |
| UT | 21,257 | $3,695,399,459 |
| VA | 40,371 | $8,721,170,223 |
| VI | 240 | $62,242,612 |
| VT | 6,983 | $1,000,127,478 |
| WA | 30,421 | $6,959,680,159 |
| WI | 43,395 | $8,317,705,842 |
| WV | 7,861 | $1,351,223,328 |
| WY | 7,618 | $837,018,372 |

## Industry by NAICS Subsector

| NAICS Subsector Description | Approved Loans | Approved Dollars | % of Amount |
|---|---|---|---|
| Construction | 177,905 | $44,906,538,010 | 13.12% |
| Professional, Scientific, and Technical Services | 208,360 | $43,294,713,938 | 12.65% |
| Manufacturing | 108,863 | $40,922,240,021 | 11.96% |
| Health Care and Social Assistance | 183,542 | $39,892,493,481 | 11.65% |
| Accommodation and Food Services | 161,876 | $30,500,417,573 | 8.91% |
| Retail Trade | 186,429 | $29,418,369,063 | 8.59% |
| Wholesale Trade | 65,078 | $19,489,410,472 | 5.69% |
| Other Services (except Public Administration) | 155,319 | $17,707,077,167 | 5.17% |
| Administrative and Support and Waste Management and Remediation Services | 72,439 | $15,285,814,286 | 4.47% |
| Real Estate and Rental and Leasing | 79,784 | $10,743,430,227 | 3.14% |
| Transportation and Warehousing | 44,415 | $10,598,076,231 | 3.10% |
| Finance and Insurance | 60,134 | $8,177,041,995 | 2.39% |
| Educational Services | 25,198 | $8,062,652,288 | 2.36% |
| Information | 22,825 | $6,675,630,276 | 1.95% |
| Arts, Entertainment, and Recreation | 39,670 | $4,939,280,138 | 1.44% |
| Agriculture, Forestry, Fishing and Hunting | 46,334 | $4,374,343,877 | 1.28% |
| Mining | 11,168 | $3,894,793,207 | 1.14% |
| Public Administration | 5,570 | $1,197,353,586 | 0.35% |

The Agency did not provide the information requested by KPCC/LAist in its April 20 FOIA request -- a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient.

Further, the Agency did not, as 5 U.S.C. §552(a)(6) requires, indicate that the information requested was gathered and reviewed. The Agency did not, as 5 U.S.C.

§552(a)(6) requires, communicate the scope of the records it intends to produce and withhold, nor did it, as the Act requires, communicate what exemptions allegedly applied to the information it withheld, or give any reasons, whatsoever, for withholding any – in this case, all –of the information or records requested.

As of the date of this letter, May 27, 2020, more than 20 business days after receiving the FOIA request from KPCC/LAist's reporter, the Agency has not produced any of the information in response to the KPCC/LAist request.

Nevertheless, Mr. Briggs refers to his response letter as "the Agency's decision," a "final disposition" and a "Full Grant." But the information requested is not provided. Most certainly, it is not a "Full Grant." And no exemptions for withholding the information requested are provided anywhere in his response. Accordingly, the Agency is in violation of its statutory duties under FOIA. *See* 5 U.S.C. §552(a)(6)(A)(i); *id.* § 552(a)(6)(B)(i); *id.* § 552(a)(6)(B)(iii) (III); *id.* § 552 (a)(8).

The Secretary of the Treasury publicly and repeatedly has disclosed loan recipient names and amounts of specific loans made under these programs, including some loans to large publicly-traded companies which have resulted in controversy about whether the PPP is achieving its intended goals. We see no reason why KPCC/LAist's request should not truly receive a "FULL GRANT" of what it has requested, too – the same treatment the Secretary of the Treasury has provided others -- in order to inform the public about how an extraordinary amount of taxpayer money has been distributed by the Agency. The information KPCC/LAist requested clearly is releasable under the FOIA and may not validly be protected by any of the Act's exemptions.

In fact, in the same FOIA FAQ section of the SBA's website to which the SBA referred KPCC/LAist, for two other types of SBA loan, SBA 7(a) and 504 loans, the SBA has already disclosed the name of each recipient and the amount of each loan, at least through the end of 2019. *See* http://imedia.sba.gov/vd/general/foia/7a_504_FOIA%20Data%20Dictionary.xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY1991-FY1999).xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2000-FY2009).xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%207(a)(FY2010-Present).xlsx; http://imedia.sba.gov/vd/general/foia/FOIA%20-%20504%20(FY1991-Present).xlsx. First, it appears the SBA has this same information about PPP loans in an easily accessible Excel spreadsheet or database. Second, it verifies that the SBA agrees the information KPCC/Laist requested is NOT subject to any exemption.

Finally, the SBA already stated on its FOIA FAQ website that it intends to disclose "loan-specific data" about PPP loans "in the near future." Specifically, the SBA's FOIA FAQ website states (emphasis added), "**In the near future, we will be able to turn our efforts to providing loan-specific data to the public**, but hope that all understand the need for the Agency to focus its efforts on fulfilling the urgent needs of small businesses." Further verification that the SBA agrees there is no justification for withholding loan-specific information requested by KPCC/LAist's April 20, 2020 FOIA request.

In that regard, as a journalistic, non-profit news enterprise, we continue to request a waiver of all fees because the records and information are likely to contribute

significantly to public understanding of how taxpayer money is being spent to assist America's small businesses.

As this request was made in the capacity of a journalist and this information is of timely value, we would appreciate your expediting the consideration of this appeal in every way possible. And because time has passed since the original request was submitted, we request the appeal response include updated information through the date of this appeal. In any case, we will expect to receive your decision within 20 business days, as required by the statute.

We are aware that the SBA has failed to make a determination on and comply with several FOIA requests that, like KPCC/LAist's, request the names of recipients of Paycheck Protection Program loans, as well as the amount of the loans awarded to each recipient. Indeed, the SBA has been sued for this failure by a media coalition in the U. S. District Court for the District of Columbia. *See WP Company LLC v. U.S. Small Bus. Admin.*, Case No. 1:20-cv-01240, Dkt. No. 1 (D.D.C.).

If KPCC/LAist does not receive promptly the information requested in its April 20, 2020 FOIA request, pursuant to reconsideration under its appeal here, and is forced to seek judicial review to make the SBA comply with FOIA, KPCC/LAist will seek -- and likely recover, given the importance of the public money records and information at issue -- its attorney's fees and costs. *See* 5 U.S.C. § 552(a)(4)(E).

If you have any questions or concerns about this appeal, or if you would like to discuss potential alternative determination and disclosure timelines, please give me a call at (213 )910-9112. KPCC/LAist is open to discussing this appeal and disclosure schedule with the SBA that allows the SBA more time to respond to some aspects of KPCC/LAist's FOIA request, but also requires the very prompt disclosure of any responsive records and information that are most important to KPCC/LAist and its mission to provide the public with news, which is more critical than ever in these times.

Thank you for your assistance.

Very truly yours,

Karlene Goller
The Law Office of Karlene Goller PC

Attachments
Exhibit 1 – KPCC/LAist April 20, 2020 FOIA Request to SBA
Exhibit 2 – SBA May 12, 2020 letter response and transmittal email

EXHIBIT 1

From: "Guerin, Emily" <eguerin@scpr.org>

Date: Monday, April 20, 2020 at 9:33 AM

To: "foia@sba.gov" <foia@sba.gov>

Subject: FOIA request from KPCC

Dear Sir or Madam,

Thank you for your hard work during the coronavirus emergency. I am writing to make a request under the Freedom of Information Act.

I request a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient. Please deliver this information in an Excel spreadsheet or CSV file.

I am a reporter with KPCC, the NPR-station in Los Angeles. This request is part of newsgathering and not for a commercial use.

I request a waiver of all fees for this request, because the information it is likely to contribute significantly to public understanding of how taxpayer money is being spent to assist America's small businesses.

Given that, as a news reporter, I am primarily engaged in disseminating information and have an urgency to inform the public about SBA's lending activity, I am asking for this request to be expedited.

Thank you for your consideration of this request, which is also attached as a Word document. Be safe and healthy.

Sincerely,

Emily Guerin

Reporter, KPCC/LAist
1040 Grant St
Santa Monica, CA
90405
207-798-9505
eguerin@scpr.org

**From:** "admin@foiaonline.gov" <admin@foiaonline.gov>
**Date:** Monday, April 20, 2020 at 4:26 PM
**To:** "Guerin, Emily" <eguerin@scpr.org>
**Subject:** FOIA Request SBA-2020-000776 Submitted

This message is to confirm your request submission to the FOIAonline application: View Request.
Request information is as follows:

- Tracking Number: SBA-2020-000776
- Requester Name: Emily Guerin
- Date Submitted: 04/20/2020
- Request Status: Submitted
- Description: I request a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient. Please deliver this information in an Excel spreadsheet or CSV file.

  I am a reporter with KPCC, the NPR-station in Los Angeles. This request is part of newsgathering and not for a commercial use.

**EXHIBIT 2**

**From:** "no-reply@foiaonline.gov" <no-reply@foiaonline.gov>
**Date:** Thursday, May 14, 2020 at 9:10 AM
**To:** "Guerin, Emily" <eguerin@scpr.org>
**Subject:** Final Disposition, Request SBA-2020-000776

SBA-2020-000776 has been processed with the following final disposition: Full Grant.




U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416

OFFICE OF CAPITAL ACCESS

May 12, 2020

Emily Guerin
1040 Grant St.
Santa Monica, CA 90405
eguerin@scpr.org

Re: SBA-2020-000776 Request Response

Dear Ms. Guerin,

This letter is in response to your Freedom of Information Act ("FOIA") request No. SBA-2020-000776 in which you have requested the following:

> "I request a list of the names of every recipient of Paycheck Protection Program loans in California as of April 20, 2020, as well as the amount of the loans awarded to each recipient. Please deliver this information in an Excel spreadsheet or CSV file."

The Small Business Administration ("Agency") is providing statistical information on the Paycheck Protection Program ("PPP") loans and Economic Injury Disaster Loans ("EIDL") in an effort to keep the public informed of the assistance and actions both it and the thousands of lenders across the country are taking at this difficult time.

The statistical information can be found at:
https://www.sba.gov/about-sba/open-government/foia#section-header-32. Please select "COVID-19 Information" located under Frequently requested records to obtain the data that is currently available.

If you are dissatisfied with the Agency's decision, you may file an administrative appeal within 90 days of the date of this letter to:

Office of Hearings and Appeals
Attention: Delorice Ford, FOIA Officer
409 3rd Avenue, SW – 8th Floor
Washington, DC 20416

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison in the Office of Hearings and Appeals, the Office of Government Information Services ("OGIS"), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies.

The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
ogis@nara.gov
ogis.archives.gov
202-741-5770
877-684-6448

Sincerely,

William Briggs
Deputy Associate Administrator
Office of Capital Access
Small Business Administration